

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable  F. L. Massie
County Auditor
Wilbarger County
Vernon, Texas

Dear Mr. Massie:

Opinion No. O-6215

Re:  Can an otherwise qualified voter
in the town of West Vernon now render
his property for the year 1944 to the
Tax Assessor, and then vote in an elec-
tion called for the abolishment of the
municipality?

Your letter of September 8, 1944, relative to the right
of a citizen of the town of West Vernon to now render his personal
property to the Tax Assessor of said city for the year 1944, and
thereby become eligible to vote in an election which has been call-
ed to abolish the city, provided the voter is otherwise qualified,
has been given our careful consideration.

Article 1043 of the Revised Statutes requires each per-
son living in a municipal corporation to render his property, both
real and personal, for taxes between January 1st and April 1st
each year.

Article 1045 of the Revised Statutes requires the City
Assessor and Collector to make a list of all personal property
which has not been given in for assessment, and assess same in
the name of the owner, if he be known, and if not, then assess
same as an unknown owner.

Article 1046 of the Revised Statutes requires the Assess-
or and Collector of the municipality to ascertain all property with-
in the city that has not been assessed for taxation to present same
to the Commissioners' Court, which shall assess said property, and
same shall then be entered upon a supplemental assessment roll as
against unknown owners.

When a taxpayer, whose name does not appear on the tax roll, desires to pay his tax, the City Tax Collector, under Article 7209, is required to assess said taxpayer, then and there collect his tax, and enter his name on the supplemental roll.

It is our opinion that under and in virtue of said above statutes, any person who failed to render his personal property between January 1st and April 1, 1944, can now render same, and have it placed on the assessment rolls for the year 1944.

Article 1243 of the Revised Statutes provides:

"All persons who are legally qualified voters of the state and county * * *, and are resident property taxpayers in the city or town * * *, as shown by the last assessment roll of such city or town shall be entitled to vote at such election." (for the abolition of the corporation)

It is our opinion that any election held for said purpose, after April 1, 1944, would be governed by the assessment roll of 1944, since it is the last assessment roll that the law requires the Tax Assessor to make.

It is our opinion that any person who is otherwise qualified to vote may, prior to the time the election is held, render his personal or real property to the Tax Assessor, and have same placed on the assessment roll, and thereby become qualified as a voter, under said Article 1243 of the Revised Statutes, which provides that in order to be a voter he must be a taxpayer, as shown by "the last assessment roll."

We do not think a person who was on the assessment rolls for 1943 would be entitled to vote, unless his name appears on the assessed roll for 1944.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By ~~Geo. W. Barcus~~

Geo. W. Barcus
Assistant

GWB-MR

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN